**Supreme Court**
No. 2016-6-M.P.
(WCC 13-558)

Mark D. Powers           :

v.                :

Warwick Public Schools.     :

**O R D E R**

This case came before the Supreme Court for oral argument on September 27, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised in this petition for the issuance of a writ of certiorari should not be summarily decided. On January 12, 2016, the petitioner, Mark D. Powers, filed a petition for a writ of certiorari before this Court, contending that he was aggrieved by the decision and final decree of the Appellate Division of the Workers' Compensation Court denying his claim to include work-sharing benefits in the calculation of his average weekly wage. In that petition, he pointed to a single issue as calling for resolution by this Court. Said issue may be framed as follows: in determining the appropriate amount of workers' compensation benefits to be paid to an injured employee, what should be the proper calculation of the employee's average weekly wage pursuant to G.L. 1956 § 28-33-20, when that employee is receiving benefits pursuant to a work-sharing plan submitted by an employer and approved by the Director of the Department of Labor pursuant to G.L. 1956 § 28-44-69? On September 13, 2016, this Court granted the petition for the issuance of a writ of certiorari.

1

It is uncontested that petitioner injured his left knee while shoveling snow for his employer, the Warwick Public School Department (School Department), on December 31, 2012. At trial, the parties filed a stipulation of facts and memoranda but did not submit additional evidence. The parties stipulated that petitioner was a part-time employee of the School Department and that his position was subject to an approved work-sharing plan. Pursuant to the work-sharing plan, petitioner had been receiving wages from his employer as well as work-sharing benefits from the state prior to his injury. As previously indicated, the issue in the instant case is whether the work-sharing benefits received by petitioner pursuant to § 28-44-69 should be included in the calculation of his average weekly wage under § 28-33-20, when determining the appropriate amount of workers' compensation benefits to be awarded to him.

The trial judge in the Workers' Compensation Court concluded that, as a matter of statutory construction, work-sharing benefits were "tantamount to unemployment compensation benefits" and, therefore, were properly excluded from the calculation of petitioner's average weekly wage. The Appellate Division of the Workers' Compensation Court affirmed, as indicated in the decree entered on December 23, 2015.

After hearing the arguments of counsel and reviewing the memoranda of the parties, we have concluded that cause has been shown and that this appeal should proceed to full briefing and argument. The parties are directed to brief the following issues among such others that they may possibly deem pertinent to the narrow question to be decided by this Court:

> Whether the average weekly wage, as calculated pursuant to § 28-33-20 for the purpose of determining workers' compensation benefits, includes only wages received from petitioner's employer during hours actually worked, or whether the average weekly wage also includes monies received from the state during hours not worked, pursuant to an approved work-sharing program under § 28-44-69;

2

Whether monies received from the state in the form of work-sharing benefits under § 28-44-69 are functionally the same as earned income, vacation pay, or holiday pay, or are they more like unemployment benefits;

Whether petitioner should be estopped from arguing that he was a full-time employee working part-time hours given that he stipulated before the Workers' Compensation Court to being a part-time employee.

The Court also invites interested parties to submit amicus curiae briefs.

Accordingly, this case is returned to the regular calendar for full argument. Further, we direct that there be an expedited resolution of this appeal; requests for continuances will be disfavored. Briefing shall be in accordance with Article I, Rule 16 of the Supreme Court Rules of Appellate Procedure.

Entered as an Order of this Court this *16th* day *November, 2017.*

By Order,

_____/s/_____
Clerk

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Mark D. Powers v. Warwick Public Schools. | |
| **Case Number** | No. 2016-6-M.P.<br>(WCC 13-558) | |
| **Date Order Filed** | November 16, 2017 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Appellate Division of the Workers' Compensation Court | |
| **Judicial Officer From Lower Court** | Acting Chief Judge Debra L. Olsson<br>Associate Judge George T. Salem, Jr.<br>Associate Judge Robert E. Hardman | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Christine M. Curley, Esq.<br>Stephen J. Dennis, Esq.<br>Carolyn A. Mannis, Esq. | |
| | For Respondent:<br><br>Francis T. Connor, Esq. | |

SU-CMS-02B (revised November 2016)